[Cite as *Foster v. Ohio Dept. of Transp.*, 2010-Ohio-6642.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SARAH FOSTER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06044-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Sarah Foster, filed this action against defendant, Department of Transportation (ODOT), contending that her 1999 Ford Mustang was damaged as a proximate cause of negligence on the part of ODOT in maintaining a bridge spanning Interstate 75 in Montgomery County. In her complaint, plaintiff described her particular damage occurrence noting: [a]t 0730 on October 27, 2009 I was traveling southbound on I75, as I entered the exit for Route 4 towards Fairborn and drove under an overpass I heard a loud thud and noticed an unknown substance on my car hood and windshield that I mistook for mud as it was raining that day." Plaintiff recalled when she observed her car a few days after the described incident she discovered the substance that struck her vehicle was actually wet concrete that had dried in the interim. Plaintiff related the dried "concrete (that adhered to her vehicle) cannot be removed without causing further damage and what has blown off has now taken the paint with it leaving the car at a high risk for rusting." Plaintiff submitted photographs depicting dried concrete splatter and paint chipping on the passenger door, hood, roof, window, and windshield wiper on her 1999 Ford Mustang. Plaintiff requested damage recovery in the amount of $1,171.44,

the total cost of removing concrete from the car and conducting spot painting. The filing fee was paid.

**{¶ 2}** Defendant advised that particular section of Interstate 75 "on the date of plaintiff's alleged incident," was within the limits of a working construction project under the control of ODOT contractor, Kokosing Construction Company, Inc. (Kokosing). Defendant related the specific construction project "dealt with grading, draining, paving, with asphalt concrete on an asphalt concrete base, reconstruction numerous structures as well as building several new bridges, constructing various retaining walls and updating traffic control and lighting on I-75 in Montgomery County." Defendant explained the bridge spanning Interstate 75 described in plaintiff's complaint was located "at county milepost 13.46 which is within the project limits." Defendant argued this section of roadway was under the control of Kokosing and consequently ODOT had no responsibility for any damage or mishaps on the roadway within the construction project limits. Defendant asserted that Kokosing, by contractual agreement, was responsible for maintaining the roadway in the construction area, although all work performed was subject to ODOT requirements and specifications. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects, were delegated when an independent contractor takes control over a particular roadway section. Evidence has shown ODOT maintained an onsite inspection presence within the limits of the project area.

**{¶ 3}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio

St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied neither ODOT nor Kokosing had any "notice of pieces of concrete or debris on I-75 prior to plaintiff's incident." Defendant pointed out that ODOT "records indicate that no calls or complaints were received at the Montgomery County Garage regarding the debris in question" at milepost 13.46 prior to plaintiff's property damage event. Defendant advised, "[i]t should be noted that this portion of I-75 has an average daily traffic volume between 86,630 and 100,530, however, no other complaints were received prior to plaintiff's alleged incident." Defendant contended plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish her property damage was attributable to conduct on either the part of ODOT or Kokosing.

{¶ 6} Defendant submitted a copy of an e-mail from Kokosing representative, Pamela LeBlanc referencing work performed on the bridge spanning Interstate 75 on October 27, 2009. LeBlanc acknowledged Kokosing personnel "were working on approach parapets, forming transitions" on Bridge 1396 on October 27, 2009. LeBlanc noted "[w]e (Kokosing) were doing nothing over the road (Interstate 75) or on the deck itself." LeBlanc expressed the opinion "[i]t would not be possible for anything to fall onto traffic from where we (Kokosing) were positioned." With her e-mail LeBlanc submitted

copies of Kokosing Daily Job Reports for October 26, 2009 and October 27, 2009. According to one submitted Job Reports for October 26 and October 27, 2009, Kokosing personnel worked on Bridge 1396 and reported no accidents.

{¶ 7} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by bridge construction activity of ODOT's contractor on October 27, 2009.

{¶ 8} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 9} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. In the instant claim, the trier of fact finds

plaintiff has failed to offer sufficient proof to establish that the damage to her vehicle was caused by ODOT's contractor conducting bridge construction activity. The trier of fact is not convinced wet concrete emanating from bridge construction on Interstate 75 fell upon plaintiff's vehicle causing the damage plaintiff claimed. Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SARAH FOSTER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06044-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

———————————————————————
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Sarah Foster                              Jolene M. Molitoris, Director
1805 Conwood  Drive                       Department of Transportation
Troy, Ohio  45373                         1980 West Broad Street
                                          Columbus, Ohio  43223

RDK/laa
9/14
Filed 10/28/10
Sent to S.C. reporter 2/2/11